IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH GERMINO,

    Petitioner,                    No. CIV S-08-3010 JAM DAD P

    vs.

JOHN MARSHALL,

    Respondent.                  <u>ORDER AND</u>

                                             <u>FINDINGS AND RECOMMENDATIONS</u>

                                  /

          Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 11, 2008, petitioner filed his original petition for a writ of habeas corpus in this court. (Doc. No. 1.) Thereafter, on December 24, 2008, petitioner filed the amended petition now before the court. (Doc. No. 5.) Respondent filed an answer on April 1, 2009. (Doc. No. 15.) Petitioner filed his traverse on June 22, 2009. (Doc. No. 20.)

          On November 1, 2010, findings and recommendations were issued recommending that petitioner's amended application for a writ of habeas corpus be denied. (Doc. No. 22.) Those findings and recommendations were served on petitioner at his address of record but, on November 5, 2010, were returned to the court as undeliverable due to petitioner's death. On

1

1  December 16, 2010, respondent filed a motion to dismiss on the ground that this habeas action
2  had been rendered moot as a result of petitioner's death.  (Doc. No. 23.)  Respondent has
3  attached to the motion a copy of petitioner's certificate of death which indicates that petitioner
4  died on April 10, 2010.  (Doc. No. 23-1.)
5         Federal courts have jurisdiction to hear cases and controversies.  U.S. CONST. art.
6  III, § 2.  An actual controversy must exist between the parties throughout all stages of the
7  proceeding.  <u>Alvarez v. Smith</u>, ___U.S.___, ___,130 S. Ct. 576, 580 (2009).  An action becomes
8  moot when the issues "are no longer 'live,'" i.e., when the "parties lack a legally cognizable
9  interest in the outcome."  <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969).  It these habeas
10 proceedings the relief sought, i.e., petitioner's immediate release from custody, is unique to the
11 petitioner himself and cannot be transferred.  "In other words, the claims [are] extinguished upon
12 [a] petitioner's death and no party can be substituted for him."  <u>Pennewell v. Carey</u>, No. 2:06-cv-
13 0598 JKS EFB, 2008 WL 1860166, at * 1 (E.D. Cal. Apr. 23, 2008) (citing Fed. R. Civ. P.
14 25(a)).  "Because petitioner's death renders this case moot, the petition for writ of habeas corpus
15 should be dismissed as moot."  <u>Garceau v. Woodford</u>, 399 F.3d 1101 (9th Cir. 2005).  <u>See also</u>
16 <u>Dove v. United States</u>, 423 U.S. 325 (1976) (dismissing a certiorari petition because petitioner
17 had died); <u>Griffey v. Lindsey</u>, 349 F.3d 1157 (9th Cir. 2003) (dismissing a petition for writ of
18 habeas corpus as moot because petitioner had died).
19        Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that the
20 findings and recommendations filed November 1, 2010 (Doc. No. 22.) are vacated.
21        IT IS HEREBY RECOMMENDED that this action be dismissed as having been
22 rendered moot by petitioner's death..
23        These findings and recommendations are submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-
25 one days after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 20, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
germino3010.mtd